**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4233**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DANIEL CHAVEZ-NEVAREZ,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:12-cr-00387-RJC-1)

———————

Submitted: September 25, 2014    Decided: September 29, 2014

———————

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Rafael Rodriguez, Miami, Florida, for Appellant. William A. Brafford, Steven R. Kaufman, Assistant United States Attorneys, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Chavez-Nevarez pled guilty without a plea agreement to one count each of conspiracy to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2012), and possession with intent to distribute cocaine, in violation 21 U.S.C. § 841(b)(1)(B) (2012), and was sentenced to 168 months in prison. Chavez-Nevarez's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Chavez-Nevarez's plea, and whether it followed proper sentencing procedures in imposing Chavez-Nevarez's sentence. Chavez-Nevarez has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. We affirm.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for review. The record reveals that the district court fully complied with the Rule 11 requirements during the plea colloquy, ensuring that Chavez-Nevarez's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offenses to which he was pleading guilty. Chavez-Nevarez also attested

2

during the hearing that he fully understood the ramifications of his guilty plea, and that no one made promises of leniency to him if he pled guilty. Because no reversible error was committed during the Rule 11 hearing, and since Chavez-Nevarez's plea was knowing, voluntary, and supported by a sufficient factual basis, we affirm Chavez-Nevarez's convictions.

We also affirm Chavez-Nevarez's sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51; United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in

3

§ 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

In this case, the district court properly calculated Chavez-Nevarez's Guidelines range, treated the Guidelines as advisory, and considered the applicable § 3553(a) factors. Moreover, the record establishes that the district court based Chavez-Nevarez's sentence on its "individualized assessment" of the facts of the case and imposed the sentence recommended by the parties. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (emphasis omitted). Accordingly, we conclude that Chavez-Nevarez's sentence is procedurally reasonable. In the absence of any evidence or argument suggesting that the sentence is substantively unreasonable, we presume on appeal that Chavez-Nevarez's sentence is reasonable. See United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Chavez-Nevarez, in writing, of the right to petition the Supreme Court of the United States for further review. If Chavez-Nevarez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that

4

a copy thereof was served on Chavez-Nevarez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
